**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
─────────────────────────────────
DRAHCIR PARSON,

                              Plaintiff,

      - v -                                            Civ. No. 1:14-CV-1431
                                                                         (DNH/RFT)

BETH B. BARRETT, *Official Court Reporter*;
JOHN S. HALL, JR., *County Court Judge*;
ADA JASON CARUSONE, *Warren County*
*District Attorney's Office*,

                              Defendants.
─────────────────────────────────

**APPEARANCES:**                                  **OF COUNSEL:**

DRAHCIR PARSON
Plaintiff, *Pro Se*
14-I-0008
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a civil rights Complaint filed, pursuant to 42 U.S.C. § 1983, by *pro se* Plaintiff Drahcir Parson. Dkt. No. 1. Plaintiff, who is currently being held at Great Meadow Correctional Facility, has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 4, IFP App. By separate Order, dated May 6, 2015, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte*, review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court

should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Allegations Contained in the Complaint

Parson brings this action pursuant to 42 U.S.C. § 1983 "for 'the deprivation of [his] rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Though not a model of clarity, Plaintiff's Complaint seems to focus on a pending State criminal prosecution of him, possibly for possessing marijuana, in Warren County Court. Plaintiff names as Defendants various players in that prosecution, including the presiding judge, the assistant

district attorney, and the official court reporter. But his sole complaint in this action concerns how the court reporter transcribed his *Huntley*[1] hearing, wherein, representing himself *pro se*, he questioned an officer regarding the situs where the marijuana was discovered. *See generally* Compl. Plaintiff asserts that all three Defendants conspired to fabricate the record and/or evidence. It appears as though this criminal prosecution is still pending and he has not yet been sentenced. *Id*. at Causes of Action. The relief sought by this action is dismissal of the "criminal complaint against plaintiff or less severely change venue as [he] will not receive an impartial fair trial in warren county" and he also seeks compensatory and punitive damages in the amount of $3,000,000. *Id*. at Prayer for Relief. Based on what has been presented to the Court thus far, we find that, pursuant to the *Younger* Abstention Doctrine, we must abstain from adjudicating this matter at this time.

The *Younger* Abstention Doctrine provides that federal courts generally must abstain from adjudicating federal claims that "involve or call into question ongoing state proceedings." *Lomtevas v. Cardozo*, 2006 WL 229908, at *4 (E.D.N.Y. Jan. 31, 2006) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). *Younger* abstention is proper when: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Lomtevas v. Cardozo*, 2006 WL 229908, at *4 (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d at 198).

All three of the requirements for *Younger* abstention are met in the present case. First, there appears to be an ongoing state proceeding in Warren County Court concerning criminal charges

---

[1] A *Huntley* hearing is proceeding wherein the voluntariness of a confession to be offered in evidence against a defendant at his or her trial is assessed. *People v. Huntley*, 204 N.E.2d 179, 183 (N.Y. 1965). The trial judge must find voluntariness beyond a reasonable doubt before the confession can be submitted to the jury. *Id*. at 183.

against Plaintiff. Second, New York State has a clear interest in overseeing the prosecution of state criminal charges. Third, there is no indication that Plaintiff lacks the opportunity to pursue his claims in New York's appellate courts. Therefore, *Younger* abstention is appropriate regarding Plaintiff's claim for injunctive relief.[2]

Alternatively, even if Plaintiff's criminal prosecution were complete, his § 1983 claims would nevertheless be barred. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claims in this action are barred because he has failed to show that his "conviction" or "sentence" has been overturned. *See Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997). Because Plaintiff's claim herein relates to events surrounding his criminal prosecution, this action is barred under *Heck* and we recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it lacks an arguable basis in law.[3]

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and §

---

[2] *Younger* abstention does not apply to a claim for monetary damages. *See Rivers v. McLeod*, 252 F.3d 99, 101-02 (2d Cir. 2001).

[3] In light of this finding, we need not address that both Defendants Hall, the presiding justice, and Carusone, the prosecutor, are, in all likelihood, immune from prosecution.

1915A, Plaintiff's entire Complaint be should be **dismissed** pursuant to the *Younger* Abstention Doctrine, or, alternatively, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

Date: May 21, 2015
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge